## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**CHOON'S DESIGN INC.**,
a Michigan corporation,

      Plaintiff

                                  Case No.

v.

**JAYFINN LLC**,
an Arizona limited liability company,        **JURY TRIAL DEMANDED**

      Defendant

---

## COMPLAINT AND JURY DEMAND

NOW COMES Choon's Design Inc. ("Plaintiff" or "Choon's"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant Jayfinn LLC ("Defendant" or "Jayfinn") states as follows. Choon's also wishes to note that it currently has six[1] other pending lawsuits before this Court involving one or more of the patents in suit. A Motion for Reassignment (to consolidate the cases) was denied.[2]

---

[1] The pending cases in this Court are: 1) Case No. 13-13568-PJD-RSW; 2) Case No. 13-13569-TGB-MKM; 3) Case No. 14-10847-SJM-MAR; 4) Case No. 14-10848-VAR-DRG; 5) Case No. 14-11102-RHC-MJH; and 6) Case No. 14-11442 SFC-MKM.

[2] See Doc. 53 in Case No. 13-13568-PJD-RSW.

## PARTIES

1.      Choon's is a Michigan corporation having its primary place of business at 48813 West Road, Wixom, Michigan 48393.

2.      Jayfinn is an Arizona limited liability company having its primary place of business at 3875 E Cloudburst Dr., Gilbert, AZ 85297.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), § 1332 (diversity), and § 1338(a) (patents and copyrights).

4.      Defendant is subject to personal jurisdiction in this Court. In particular, this Court has personal jurisdiction over Defendant because it has engaged in continuous, systematic and substantial activities within this judicial district, including the marketing and sales of products in this judicial district. Furthermore, upon information and belief, this Court has personal jurisdiction over Defendant because it has committed acts giving rise to Choon's claims within and directed to this judicial district. For instance, Defendant has sold and shipped products to customers located in this judicial district.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 (a).

## BACKGROUND

6.     In late 2011, Choon's introduced its Rainbow Loom product ("the Rainbow Loom") to the market. The Rainbow Loom is a loom designed to be used with rubber bands to form links for making bracelets, necklaces, and even bags and other items.

7.     Choon's introduced the Rainbow Loom by selectively placing it in specialty toy and craft stores. Choon's did not initially sell the product to any retail chains—although it does now.

8.     Notwithstanding, the Rainbow Loom product was, from the get go, received with great fanfare and accomplished almost immediate and monumental success—even without any relationships with retail chains.

9.     In an article dated July 19, 2013 (attached as **Exhibit 1**), one store owner noted "[w]e are selling the Rainbow Loom like crazy!" The article further notes that the Rainbow Loom is "[t]he summer obsession … [and] … is flying off shelves so quickly that stores can't keep them in stock for long," and that the popularity of the Rainbow Loom has "'spread like wildfire throughout the country,' especially with kids 5 to 15."

10.     Choon's founder, Cheong Choon Ng, has been featured on the NBC's TODAY show (http://www.today.com/style/new-silly-bandz-rainbow-loom-bracelets-hit-kids-6C10920802) and his amazing success story has been detailed in

3

a number of publications. Copies of a few of the published articles, such as those in The Wall Street Journal, The New York Times, and Crain's Detroit Business are attached as **Exhibit 2**.

11.    Undoubtedly, the Rainbow Loom has become a smash hit within the toy industry. Recently, Choon's was awarded the coveted "Toy of the Year" award at the 14th Annual Toy of the Year Awards held in New York City. Choon's also received awards for "Activity Toy of the Year," "Girl Toy of the Year," and "Specialty Toy of the Year." A press release from the Toy Industry Association is attached as **Exhibit 3**.

12.    Since its introduction into the market, Choon's has sold more than five million Rainbow Looms. Of course, Choon's has also sold large volumes of other complementary products that are used with the Rainbow Loom such as rubber bands and C-clips (which are used to hold the two ends of a necklace or bracelet together).

13.    Choon's tremendous success has led to numerous copycats trying to capitalize on Choon's hard work. For instance, after taking note of Choon's great success, Defendant has begun selling its own loom kit, called "Goodie Looms" (hereinafter the "Goodie Looms kit"), which comes with a loom, rubber bands, and clips, among other things. The Goodie Looms kit is listed for sale at least through Defendant's website, goodielooms.com (**Exhibit 4**), and through a listing on

4

Amazon.com (**Exhibit 5**). **Exhibit 6** includes photographs of Defendant's Goodie Looms kit.

14.     Choon's owns several U.S. patents that cover its Rainbow Loom. One such patent is United States Patent No. 8,485,565 ("the '565 patent"), entitled "Brunnian Link Making Device and Kit," which was issued on July 16, 2013 by the United States Patent and Trademark Office. A true and correct copy of the '565 patent is attached hereto as **Exhibit 7**.

15.     The '565 patent names Cheong Choon Ng as inventor.

16.     Choon's is the owner by assignment of all right, title and interest in the '565 patent.

17.     The '565 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

18.     Another such patent is United States Patent No. 8,684,420 ("the '420 patent"), entitled "Brunnian Link Making Device and Kit," which was issued on April 1, 2014 by the United States Patent and Trademark Office. A true and correct copy of the '420 patent is attached hereto as **Exhibit 8**.

19.     The '420 patent names Cheong Choon Ng as inventor.

20.     Choon's is the owner by assignment of all right, title and interest in the '420 patent.

21.    The '420 patent generally relates to, *inter alia*, a novel method and device for creating a linked item.

22.    Defendant's Goodie Looms kit infringes one or more of the claims of Choon's '565 and '420 patents.

23.    Choon's also owns U.S. Trademark Registration No. 4,345,796 for the RAINBOW LOOM mark, and uses this mark in connection with its Rainbow Loom products. A copy of the registration is attached as **Exhibit 9**.

24.    Defendant's website lists its Goodie Looms kit for sale along with the description "**Rainbow Loom** Band Kits are a creative hybrid toy for elementary school kids," and encourages its potential customers to "[g]o ahead and try our **Rainbow Loom** Bracelet Kit!" (**Exhibit 4**) (emphasis added). Further, Defendant's Amazon listing lists its product as "GOODIE LOOMS-**Rainbow Loom** Bands Kit." (**Exhibit 5**) (emphasis added).

25.    Defendant's usage of the term "Rainbow Loom" constitutes infringement Choon's RAINBOW LOOM mark.

26.    Additionally, the packaging of the Goodie Looms kit uses discrete colors commonly associated with rainbows (i.e., red, orange, yellow, green, blue, indigo, and violet) (see **Exhibit 6**) as a backdrop for the term "LOOM." Defendant infringes Choon's RAINBOW LOOM mark for this additional reason.

## COUNT I – DIRECT INFRINGEMENT OF THE '565 PATENT

27.     Choon's incorporates and re-alleges Paragraphs 1 through 26 as each were fully set forth herein.

28.     The '565 patent remains valid, enforceable and unexpired.

29.     Upon information and belief, Defendant is directly infringing and has directly infringed the '565 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Goodie Looms kit, which is covered by the '565 patent.

30.     The Goodie Looms kit falls within the scope of one or more claims of the '565 patent. Upon information and belief, Defendant directly infringes claims 1-18 of the '565 patent.

31.     Upon information and belief, Defendant has actual knowledge of the '565 patent and knowledge of its infringement of the '565 patent. Defendant's knowledge of the '565 patent is based on its copying of Choon's Rainbow Loom, which is marked with the '565 patent. Additionally, Defendant has knowledge of the '565 patent as of the filing of this lawsuit.

32.     Upon information and belief, Defendant's infringement has been and continues to be willful and deliberate.

33.     As a result of Defendant's infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT II – CONTRIBUTORY INFRINGEMENT OF THE '565 PATENT

34.     Choon's incorporates and re-alleges Paragraphs 1 through 33 as each were fully set forth herein.

35.     The Goodie Looms kit and the use of the Goodie Looms kit fall within the scope of the claims of the '565 patent.

36.     Upon information and belief, with knowledge of the '565 patent, Defendant has contributed to and continues to contribute to the infringement of the '565 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the Goodie Looms kit for use by its customers. Defendant's customers directly infringe the '565 patent by using the Goodie Looms kit to create linked items from elastic bands.

37.     Upon information and belief, the Goodie Looms kit is marketed and sold to customers who use it to create linked items for elastic bands. By following the instructions provided by Defendant, customers who use the Goodie Looms kit directly infringe the '565 patent.

38.     Upon information and belief, Defendant's Goodie Looms kit has no substantial non-infringing use for at least the reason that the Goodie Looms kit can

only be used to directly infringe the '565 patent. In other words, when Defendant's instructions are followed, the Goodie Looms kit is only used in an infringing manner, and is only advertised by Defendant for such an infringing use. Defendant's website includes several instructional videos. Defendant also has a YouTube account including several instructional videos (youtube.com/goodielooms). Screenshots of the "Instructions" section of Defendant's website are attached at **Exhibit 10**.

39.    Upon information and belief, the accused Goodie Looms kit also constitutes a material part of the invention of the '565 patent for at least the reason it is the very product used to practice the invention of the '565 patent.

40.    Upon information and belief, Defendant knows that the accused Goodie Looms kit is especially made or especially adapted for use in an infringement of the '565 patent for at least the reason that the Goodie Looms kit is advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '565 patent.

41.    Upon information and belief, Defendant has actual and/or constructive knowledge of the '565 patent and that Defendant's customers' use of the accused Goodie Looms kit directly infringes the claims of the '565 patent.

42.    Upon information and belief, Defendant has actual knowledge of the '565 patent. Defendant's knowledge of the '565 patent is based on its copying of

9

Choon's Rainbow Loom, which is marked with the '565 patent. Additionally, Defendant has knowledge of the '565 patent as of the filing of this lawsuit. At a minimum, Defendant was willfully blind as to the existence of the '565 patent, and therefore willfully blinded itself as to its customers' direct infringement of the '565 patent resulting from their use of the Goodie Looms kit.

43.     As a result of Defendant's contributory infringement, Choon's will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT III – INDUCED INFRINGEMENT OF THE '565 PATENT

44.     Choon's incorporates and re-alleges Paragraphs 1 through 43 as each were fully set forth herein.

45.     Upon information and belief, with knowledge of the '565 patent, Defendant has induced to and continues to induce to the infringement of the '565 patent under 35 U.S.C. § 271(b) by selling, offering to sell and/or importing the Goodie Looms kit for use by its customers. Defendant's customers directly infringe by using the Goodie Looms kit to create linked items.

46.     Defendant specifically intended its customers to infringe the claims of the '565 patent and knew that its customers' acts constituted infringement. Upon information and belief, despite a high likelihood that its actions would induce its

10

customers' direct infringement of the '565 patent, Defendant marketed and sold the Goodie Looms kit to its customers to practice the claimed invention. Defendant's customers directly infringe the '565 patent by creating linked articles from elastic bands by following the instructions provided on Defendant's website (**Exhibit 10**).

47.     Upon information and belief, Defendant knew that its customers' actions, when performed, would directly infringe the '565 patent.

48.     Upon information and belief, Defendant has not made any changes to the Goodie Looms kit despite its knowledge of the '565 patent.

49.     Upon information and belief, Defendant has not made any changes to any of its publically available instructional materials, despite its knowledge of the '565 patent.

50.     Upon information and belief, despite having actual knowledge of the '565 patent, Defendant continues to actively induce infringement of the '565 patent by continuing to promote the infringing Goodie Looms kit. Defendant intended its customers to directly infringe the '565 patent, or at the very least, were willfully blind to the fact that Defendant's customers' use of the infringing Goodie Looms kit would directly infringe the '565 patent.

51.     Upon information and belief, Defendant has actual knowledge of the '565 patent. Defendant's knowledge of the '565 patent is based on its copying of Choon's Rainbow Loom, which is marked with the '565 patent. Additionally,

11

Defendant has knowledge of the '565 patent as of the filing of this lawsuit. At a minimum, Defendant was willfully blind as to the existence of the '565 patent, and therefore willfully blinded itself as to its customers' direct infringement of the '565 patent resulting from their use of the Goodie Looms kit.

52.    As a result of Defendant's inducement of infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT IV – DIRECT INFRINGEMENT OF THE '420 PATENT

53.    Choon's incorporates and re-alleges Paragraphs 1 through 52 as each were fully set forth herein.

54.    The '420 patent remains valid, enforceable and unexpired.

55.    Upon information and belief, Defendant is directly infringing and has directly infringed the '420 patent, including, without limitation, by making, using, selling, offering for sale, and/or importing, without license or authority, the Goodie Looms kit, which is covered by the '420 patent.

56.    The Goodie Looms kit falls within the scope of one or more claims of the '420 patent. Upon information and belief, Defendant directly infringes claims 1-16 of the '420 patent.

57.     Upon information and belief, Defendant has actual knowledge of the '420 patent and knowledge of its infringement of the '420 patent. Defendant's knowledge of the '420 patent is based on its copying of Choon's Rainbow Loom, which is marked with the '565 patent. The '420 patent is a continuation of the '565 patent. Additionally, Defendant has knowledge of the '420 patent as of the filing of this lawsuit.

58.     Upon information and belief, Defendant's infringement has been and continues to be willful and deliberate.

59.     As a result of Defendant's infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT V – CONTRIBUTORY INFRINGEMENT OF THE '420 PATENT

60.     Choon's incorporates and re-alleges Paragraphs 1 through 59 as each were fully set forth herein.

61.     The Goodie Looms kit and the use of the Goodie Looms kit fall within the scope of claims 1-16 of the '420 patent.

62.     Upon information and belief, with knowledge of the '420 patent, Defendant has contributed to and continues to contribute to the infringement of the '420 patent under 35 U.S.C. § 271(c) by selling, offering to sell and/or importing the Goodie Looms kit for use by its customers. Defendant's customers directly

13

infringe the '420 patent by using the Goodie Looms kit to create linked items from elastic bands.

63.    Upon information and belief, the Goodie Looms kit is marketed and sold to customers who use it to create linked items for elastic bands. By following the instructions provided by Defendant, customers who use the Goodie Looms kit directly infringe the '420 patent.

64.    Upon information and belief, Defendant's Goodie Looms kit has no substantial non-infringing use for at least the reason that the Goodie Looms kit can only be used to directly infringe the '420 patent. In other words, when Defendant's instructions are followed, the Goodie Looms kit is only used in an infringing manner, and is only advertised by Defendant for such an infringing use. See the instructions in **Exhibit 10**.

65.    Upon information and belief, the accused Goodie Looms kit also constitutes a material part of the invention of the '420 patent for at least the reason it is the very product used to practice the invention of the '420 patent.

66.    Upon information and belief, Defendant knew that the accused Goodie Looms kit is especially made or especially adapted for use in an infringement of the '420 patent for at least the reason that the Goodie Looms kit is advertised, sold, and/or offered for sale only to create linked items from elastic bands in a manner covered by the '420 patent.

67.     Upon information and belief, Defendant has actual and/or constructive knowledge of the '420 patent and that Defendant's customers' use of the accused Goodie Looms kit directly infringes the claims of the '420 patent. Defendant's knowledge of the '420 patent is based on its copying of Choon's Rainbow Loom, which is marked with the '565 patent. The '420 patent is a continuation of the '565 patent. Additionally, Defendant has knowledge of the '420 patent as of the filing of this lawsuit. At a minimum, Defendant was willfully blind as to the existence of the '420 patent, and therefore willfully blinded itself as to its customers' direct infringement of the '420 patent resulting from their use of the Goodie Looms kit.

68.     As a result of Defendant's contributory infringement, Choon's will suffer severe and irreparable harm, unless the infringement is enjoined by this Court, and has suffered substantial damages.

### <u>COUNT VI – INDUCED INFRINGEMENT OF THE '420 PATENT</u>

69.     Choon's incorporates and re-alleges Paragraphs 1 through 68 as each were fully set forth herein.

70.     Upon information and belief, with knowledge of the '420 patent, Defendant has induced to and continues to induce to the infringement of the '420 patent under 35 U.S.C. § 271(b) by selling, offering to sell and/or importing the Goodie Looms kit for use by its customers. Defendant's customers directly infringe by using the Goodie Looms kit to create linked items.

15

71.     Defendant specifically intended its customers to infringe the claims of the '420 patent and knew that its customers' acts constituted infringement. Upon information and belief, despite a high likelihood that its actions would induce its customers' direct infringement of the '420 patent, Defendant marketed and sold the Goodie Looms kit to its customers to practice the claimed invention. Defendant's customers directly infringe the '420 patent by creating linked articles from elastic bands by following the instructions provided on Defendant's website (**Exhibit 10**).

72.     Upon information and belief, Defendant knew that its customers' actions, when performed, would directly infringe the '420 patent.

73.     Upon information and belief, Defendant has not made any changes to the Goodie Looms kit despite its knowledge of the '420 patent.

74.     Upon information and belief, Defendant has not made any changes to any of its publically available instructional materials, despite its knowledge of the '420 patent.

75.     Upon information and belief, despite having actual knowledge of the '420 patent, Defendant continues to actively induce infringement of the '420 patent by continuing to promote the infringing Goodie Looms kit. Defendant intended its customers to directly infringe the '420 patent, or at the very least, were willfully blind to the fact that Defendant's customers' use of the infringing Goodie Looms kit would directly infringe the '420 patent.

16

76.     Upon information and belief, Defendant has actual knowledge of the '420 patent. Defendant's knowledge of the '420 patent is based on its copying of Choon's Rainbow Loom, which is marked with the '565 patent. The '420 patent is a continuation of the '565 patent. Additionally, Defendant has knowledge of the '420 patent as of the filing of this lawsuit. At a minimum, Defendant was willfully blind as to the existence of the '420 patent, and therefore willfully blinded itself as to its customers' direct infringement of the '420 patent resulting from their use of the Goodie Looms kit.

77.     As a result of Defendant's inducement of infringement, Choon's will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and has suffered substantial damages.

## COUNT VII – TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114

78.     Choon's incorporates and re-alleges Paragraphs 1 through 77 as each were fully set forth herein.

79.     Defendant has, without Choon's consent, used in commerce a colorable imitation of the RAINBOW LOOM mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114.

80.     Choon's federal registration on the Principal Register for the mark RAINBOW LOOM is conclusive evidence of Choon's exclusive right to use this mark, pursuant to the Lanham Act, 15 U.S.C. § 1115.

81.     The infringing acts committed by Defendant were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and has caused, and, unless enjoined, will continue to cause damage to Choon's.

82.     As a proximate result of Defendant's actions, Choon's has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Choon's for its injuries and Choon's lacks an adequate remedy at law.

83.     Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

84.     Choon's is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT VIII – TRADEMARK INFRINGEMENT
## IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

85.     Choon's incorporates and re-alleges Paragraphs 1 through 84 as each were fully set forth herein.

86.     Choon's RAINBOW LOOM mark is "famous" within the meaning of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c) (the "Anti-Dilution Act").

87.     Choon's is the owner of the RAINBOW LOOM mark.

88.     Choon's has no control over the quality of the Defendant's web site, advertising, other promotional materials, or products.

89.     After Choon's RAINBOW LOOM mark became famous, Defendant commenced use of a mark in commerce that is likely to cause dilution by impairing the distinctiveness of the RAINBOW LOOM mark, lessening the capacity of the mark to identify and distinguish the products offered by Choon's, and by creating an association arising from the similarity between Defendant's mark and Choon's RAINBOW LOOM mark that harms the reputation of Choon's famous mark.

90.     Defendant's unauthorized use of Choon's famous RAINBOW LOOM mark will tend to, and does, dilute the distinctive quality of said mark and will diminish and destroy the public association of said mark with Choon's in violation of 15 U.S.C. § 1125(c).

91.    Upon information and belief, Defendant willfully intended to trade on the recognition of Choon's mark and caused dilution of Choon's famous mark.

92.    By reason of the acts of Defendant alleged herein, Choon's has suffered, is suffering, and will continue to suffer irreparable damage and, unless Defendant is restrained from continuing its wrongful acts, the damage will be increased.

93.    Choon's has no adequate remedy at law.

## PRAYER FOR RELIEF

Choon's respectfully requests that this Court enter judgment in its favor and against Defendant on all counts of this Complaint. Choon's specifically requests that this Court:

A.    Enter an order adjudging that Defendant has infringed the '565 patent, and the '420 patent;

B.    Enter an order adjudging Defendant to have willfully infringed the '565 patent and the '420 patent;

C.    Grant permanent injunction enjoining Defendant and its officers, directors, agents, servants, employees and those persons in active concert or participation with Defendant from directly or indirectly infringing the '565 patent and the '420 patent in violation of 35 U.S.C. § 271;

D.     Award damages adequate to compensate Choon's for Defendant's infringement of the '565 patent and the '420 patent;

E.     Award damages adequate to compensate Choon's for infringement including those damages provided for in 35 U.S.C. § 154(d).

F.     Enter an order for a trebling of damages and/or exemplary damages because of Defendant's willful infringement pursuant to 35 U.S.C. § 284;

G.     Enter an order adjudging that this is an exceptional case;

H.     Award Choon's of its attorney fees and its costs and expenses incurred in connection with this action pursuant to 35 U.S.C. § 285 and as permitted under Choon's other claims;

I.     A permanent injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, representatives, successors, affiliates, parents, subsidiaries, licensees, and assigns, and all those in active concert or participation with any of them, from the following acts:

a. using, attempting to use, or registering, on or in connection with any business or service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any service or any goods, or for any purpose whatsoever: (1) the RAINBOW LOOM mark, or any other name, mark or designation which colorably imitates or is confusingly similar to said name or mark,

21

alone or in combination with any other mark(s), designation(s), word(s), term(s) and or design(s); and (2) any false description or representation or any other thing calculated or likely to cause confusion or mistake in the public mind or to deceive the public into the belief that Defendant or its products or services are connected to Choon's or that Defendant's products and services come from or are approved or endorsed by Choon's; and

b. otherwise engaging in acts, either directly or through other entities, of infringement and unfair competition;

J.     A declaration that Defendant's acts of trademark infringement and unfair competition are knowing, willful and "exceptional" within the meaning of 15 U.S.C. § 1117;

K.     Enter judgment that Defendant has injured Choon's business reputation and diluted the distinctive quality of Choon's famous mark in violation of 15 U.S.C. § 1125(c)(1);

L.     Enter judgment that Defendant has injured Choon's business reputation and diluted the distinctive quality of Choon's famous mark in violation of 15 U.S.C. § 1125(c)(1);

M.     Award damages to Choon's as provided under 15 U.S.C. § 1117, including the Defendant's profits, the damages sustained by Choon's, and

reasonable attorney fees to Choon's as prevailing party, and/or if the court finds that the amount of recovery based on profits is either inadequate or excessive, to award a sum the court finds to be just, according to the circumstances of this case and the costs of this action.

N.     Enter an order requiring Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

O.     Enter an order awarding to Choon's actual damages and an accounting of Defendant's profits, including any statutory enhancements on account of the willful nature of Defendant's acts;

P.     Award prejudgment and post-judgment interest and costs of this action; and

Q.     Award Choon's any other appropriate legal or equitable relief this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a trial by jury for all issues so triable.


Dated: May 5, 2014                 **CARLSON, GASKEY & OLDS, P.C.**

                                   <u>/s/ Timothy J. Murphy</u>
                                   Theodore W. Olds, III (P42004)
                                   John M. Siragusa (P62573)
                                   Brian S. Tobin (P67621)
                                   Timothy J. Murphy (P77041)
                                   Carlson Gaskey & Olds, P.C.
                                   400 W. Maple, Suite 350
                                   Birmingham, Michigan 48009
                                   Telephone: (248) 988-8360
                                   Facsimile: (248) 988-8363
                                   Email:  tmurphy@cgolaw.com

                                   *Attorneys for Plaintiff Choon's Design Inc.*